FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 01, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MUNICH RE SYNDICATE LIMITED 457,<br><br>    Plaintiff,<br><br>    v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendant. | No. 2:21-CV-00124-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant Fireman's Fund Insurance Company's Motion for Summary Judgment, ECF No. 19. The motion was considered without oral argument. Plaintiff Munich RE Syndicate Limited 457 ("Munich") is represented by Jonathan W. Thames. Defendant Fireman's Fund Insurance Company ("Fireman's Fund") is represented by Curtis Campbell Isacke and Malaika M. Eaton.

The Court has reviewed the parties' submissions and applicable case law. The Court finds Fireman's Fund is entitled to summary judgment on Munich's equitable contribution and equitable indemnification claims. Accordingly, the motion is granted.

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** *1

**Facts**[1]

This action is about coverage for $720,000 in spoiled wine. In or around July 2019, Columbia Fruit Packers and Fielding Hills Winery LLC ("Fielding Hills") received an expert opinion that 1,904 cases of four varieties of red wine from Fielding Hills' 2016 vintage collection had been contaminated with 2,4,6-Trichloroanisol ("TCA"). This wine has an alleged value in excess of $720,000. According to experts, TCA is not hazardous but "strips wine of its flavor, making normally rich, fruity wines taste dull or muted" and renders it not commercially suitable.

Plaintiff Munich provided coverage for Columbia Fruit Packers and Fielding Hills under Stock Throughout Policy No. 18 RU15077, for a policy period of June 1, 2018, to June 1, 2019 (the "Munich Policy"). Fielding Hills is affiliated by common ownership and/or management with Columbia Fruit Packers. The Munich Policy covers:

> goods insured while stored in warehouses approved herein by [Munich]. Approved goods shall include the property of the Assured, or goods held by them in trust, or on commission, or on consignment or otherwise, or sold but not delivered or removed, or in joint account with or belonging to others, and for which the Assured may be liable in the event of loss.

ECF No. 1-1 (Ex. A) at 29.

Columbia Fruit Packers and Fielding Hills negotiated a general property insurance policy with Defendant Fireman's Fund for the same time period.[2]

---

[1] The following facts derive from the parties' respective statements of facts. ECF Nos. 20, 22-1, 25.

[2] Fireman's Fund submitted an email as evidence of these negotiations. Munich objects to admission of the email on the basis that it is hearsay, and Munich asks that the Court not consider it. *See* ECF No. 21 at 3.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** *2

Columbia Fruit Packers indicated through its insurance agent that Columbia Fruit Packers "wants to remove $2,500,000 wine stock from the [Fireman's Fund] coverage as we have included in the Stock Throughput policy," *i.e.*, the Munich Policy. Subsequently, Fireman's Fund issued Policy No. 643 MXX 80986703 to Columbia Fruit Packers, with Fielding Hills named as an "additional insured," for the time period June 1, 2018, to June 1, 2019 (the "Fireman's Fund Policy"). ECF No. 1-2 (Ex. B).

The Fireman's Fund Policy excludes from its insurance coverage:

> damage or expense caused by or resulting from . . . change in flavor or texture or finish, decay or other spoilage. . . . [or] Loss attributable to manufacturing or processing operations which result in damage to stock or materials while such stock or materials are being processed, manufactured, tested or otherwise being worked upon.

*Id.* at 61–62. However, the Fireman's Fund Policy also contains an extension of coverage for "perishable stock." *Id.* at 78, 94–95. "Perishable stock" is "personal property maintained under the controlled conditions required for its preservation and susceptible to loss or damage if the controlled conditions change." *Id.* at 81.

Fielding Hills tendered a claim to Munich for insurance coverage relating to the TCA contamination described above in July 2019. Neither Columbia Fruit Packers nor Fielding Hills tendered the claim to Fireman's Fund at any time. On April 2, 2020, in a conference call between a Munich representative and Fielding Hills' principal and professional insurance broker, the insurance broker stated he did not tender a claim to Fireman's Fund because he did not believe the Fireman's Fund Policy covered the loss.

---

The objection is overruled. The Court finds the email is not hearsay, because it is not being offered for the truth of the matter asserted. Fed. R. Evid. 801(c)(2). Whether the Fireman's Fund Policy covers the incident is an issue of law that lies in the exclusive jurisdiction of this Court.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *3**

Munich investigated the claim and confirmed the presence of TCA. Munich's expert could not identify a single source of the TCA exposure. According to Munich's expert, the cause was likely one-of-two things: (1) exposure due to improper cleaning or maintenance of the barrels in which the wines aged, or (2) exposure during contact with the filter medium prior to bottling. Following the expert report, Munich determined that the TCA-contaminated wine fell within the Munich Policy, because at least one of the potential causes was a covered cause of loss not subject to any exclusion. Thus, on or before April 7, 2020, Munich paid Fielding Hills $695,170.58 in total indemnity. Munich also claims it incurred $103,580.23 adjusting the claim.

Two days after the indemnity payments were made, Munich informed Fireman's Fund of the Fielding Hills claim and requested that Fireman's Fund participate in the settlement. Fireman's Fund assigned an adjuster and investigated the issue, but it closed the file after confirming that the insurance claim was never referred or tendered by the insured.

As a condition precedent to the settlement payment, Munich states it required Fielding Hills to assign it a right of recovery. Munich submitted a "Release and Subrogation Agreement," which reads in part:

> In exchange for receiving of Munich Re Syndicate Limited, Underwriters at Lloyd's ("Underwriters") the sum of $695,170.58, in full settlement and satisfaction of all claims and demands of the undersigned under the above-referenced Policy for loss and damage to the goods described above occurring on or about the 1rst [sic] day of September, 2018.
>
> In consideration of this payment, the undersigned does hereby release and forever discharge Underwriters … from any and all further claims existing and/or arising in the future relating to the above-referenced goods; . . . and agrees that Underwriters are subrogated to all of the undersigned's rights of recovery on account of any and all such loss or damage . . . from any other persons or corporations (including municipal or sovereign corporations) or vessels that may be liable therefore. The undersigned agrees to cooperate with and to assist Underwriters in effecting such recovery, to include

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *4**

>providing all documentation, information and testimony which may be needed by Underwriters. The undersigned hereby authorizes Underwriters to file claims and begin suit against any such carrier, vessel, person, corporation or government in its name . . . .

ECF No. 22-3 at 2. The assignment appears to have been negotiated between the insurance broker and Munich, and a draft of the agreement was sent by email on April 13, 2020, to Fielding Hills' principal and professional insurance broker. ECF No. 22-4. Munich did not provide a signed, executed, or dated copy of the contract. *Id.*

After Fireman's Fund declined to engage in the settlement, Munich sued Fireman's Fund in this action asserting two causes of action: (1) equitable contribution, and (2) equitable indemnification. Munich claims that it is owed as much as $823,750.81. Fireman's Fund has denied Munich is entitled to recovery of any sum of money.

The parties admit that they dispute facts regarding the TCA contamination itself; for example, they agree a trial would be necessary to resolve the timing and cause of the loss and to determine whether coverage even hypothetically exists under the Fireman's Fund Policy extension of insurance for perishable stock. If the contamination occurred in the barreling process, the cause of loss may fall outside the Fireman's Fund Policy period. Likewise, if the contamination resulted from, among other things, contact with improperly maintained mechanics or machinery or due to the exposure with refrigerants, the loss may not be covered. However, there are no genuine disputes of fact that are material to the legal issues now before the Court.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *5**

verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### Discussion

Fireman's Fund moves for summary judgment on Munich's equitable contribution and equitable indemnification claims, pursuant to Rule 56(a), on the basis that neither Columbia Fruit Packers nor Fielding Hills tendered the insurance claim. Fireman's Fund argues Washington's selective tender rule applies, which provides Fireman's Fund cannot be liable for a claim that its insureds did not request coverage for. Fireman's Fund also contends Munich's equitable indemnification claim should be dismissed because the claim is not recognized by Washington law.

Conversely, Munich argues the selective tender rule does not bar *contractual* subrogation, which Munich clarifies is its primary legal theory in this case. While acknowledging subrogation was not pled in the Complaint, Munich requests that the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *6**

Court grant it leave to amend the Complaint to expressly allege this cause of action. Munich submits a draft Release and Subrogation Agreement to support its assertion that Columbia Fruit Packers and Fielding Hills assigned their contractual rights to Munich and thus that a claim for contractual subrogation is not barred. Munich does not address Fireman's Fund's substantive arguments regarding the equitable contribution and equitable indemnification claims.

**1.**

The first issue is which legal claims are before the Court. "[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (internal quotation marks omitted). For this reason, a plaintiff cannot effectively amend its complaint through its response to a motion for summary judgment. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010); *accord Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc) ("Raising [a new] claim in a summary judgment motion is insufficient to present the claim to the district court."). In this case, the Court finds Munich cannot plead a subrogation claim through its response to the present motion.

Munich argues the term "subrogation" does not need to appear in its Complaint for it to survive summary judgment.[3] The Court disagrees, as the facts

---

[3] On this point, Munich argues the word "subrogation" was also missing from the complaint in *Mutual of Enumclaw Insurance Company v. USF Insurance Company*, 164 Wash. 2d 411, 191 P.3d 866 (2008), yet the Washington Supreme Court still considered the plaintiffs' subrogation claims. ECF No. 22 at 6.

Counsel misreads *Mutual of Enumclaw*. There, the Washington Supreme Court noted that "[e]quitable contribution *and subrogation* were the only claims in the complaint," and observed that the plaintiffs failed to plead a claim for breach of

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *7**

of Munich's Complaint do not support a claim for contractual subrogation. Munich failed to disclose the Release and Subrogation Agreement throughout the discovery period, and instead, presents it to the Court and opposing party for the first time in opposition to summary judgment.[4] Amendment at this time would render pointless the Court's scheduling deadlines and also prejudice Fireman's Fund. Consequently, only Munich's equitable contribution and equitable indemnification claims are properly before the Court. On the merits of these claims, the Court holds Fireman's Fund is entitled to judgment as a matter of law.

**2.**

Equity provides no right for Munich to seek contribution from Fireman's Fund, because Fireman's Fund is not liable to the insureds for the TCA contamination claim. In Washington, "[e]quitable contribution refers to the right of one party to recover from another party for a common liability." *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wn.2d 411, 419, 191 P.3d 866 (2008). Contribution in the insurance context allows an insurer to recover from another insurer "where both are independently obligated to indemnify or defend the same loss." *Id.* It is distinct from a claim of subrogation, which involves the assignment of the insured's rights to an insurer. *Id.* Rather, "contribution is a right of the *insurer* and is independent of the rights of the insured." *Id.* (citation omitted) (emphasis added).

Washington courts also recognize a "selective tender" rule, which provides that an insurer is excused from its duty to contribute to a settlement of a claim

---

contract. *Id.* at 417, n.1 (emphasis added). Here, Munich did not plead a claim for subrogation or breach of contract.

[4] Assuming the Court was inclined to consider the subrogation claim, Munich only submitted an unsigned draft of the Release and Subrogation Agreement, and it has not alleged that the contract was executed. This is fatal to the subrogation claim.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *8**

"where an insured has not tendered [the] claim to [the] insurer." *Id.* at 417, 421–22 (citation omitted). The selective tender rule "preserves the insured's right to invoke or not to invoke the terms of its insurance contracts." *Id.* at 421–22. This is because an insured "has the prerogative not to tender to a particular insurer. *Id.* at 422.

*Mutual of Enumclaw Insurance Company v. USF Insurance Company*, 164 Wn.2d 411, 191 P.3d 866 (2008), is controlling in this case. In *Mutual of Enumclaw*, Dally Homes, Inc. ("Dally"), was insured by USF Insurance Company ("USF"), Mutual of Enumclaw Insurance Company ("MOE"), and Commercial Underwriters Insurance Company ("CUIC"). Dally chose not to tender its insurance claim to USF, opting instead to tender the claim to MOE and CUIC. *Id.* at 423. After the other insurers resolved the claim, they sought equitable contribution from USF. Applying the selective tender rule, the Washington Supreme Court ruled "USF had no legal obligation to defend or indemnify Dally at the time of the settlement" due to the lack of tender, and "[a]ccordingly, we hold that MOE and CUIC do not have a right to equitable contribution from USF." *Id.*

In the present matter, the Court's "inquiry is whether the nonparticipating coinsurer had a legal obligation . . . to provide [a] defense [or] indemnity coverage for the . . . claim or action prior to [the date of settlement]." *Id.* (quotation marks and citation omitted). An insurer's duty to defend or indemnify only arises when the insured affirmatively informs the insurer that its participation is desired through tendering a claim. *Id.* at 421 ("The duties to defend and indemnify do not become legal obligations until a claim for defense or indemnity is tendered."); *see also Unigard Ins. Co. v. Leven*, 97 Wash. App. 417, 427, 983 P.2d 1155 (1999), *as amended* (Apr. 24, 2000) ("[A]n insurer cannot be expected to anticipate when or if an insured will make a claim for coverage; the insured must affirmatively inform the insurer that its participation is desired.").

Columbia Fruit Packers and Fielding Hills did not tender the TCA contamination claim to Fireman's Fund. As in *Mutual of Enumclaw*, Fireman's

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *9**

Fund did not have a legal obligation to defend or indemnify Columbia Fruit Packers and Fielding Hills at the time of the settlement between it and Munich, because the insureds opted to only tender a claim to Munich. Under the selective tender rule, "[a]n insured may choose *not* to tender a claim to its insurer for a variety of reasons," and here, it was Columbia Fruit Packers and Fielding Hills' "prerogative" to make that decision. *Mut. of Enumclaw Ins. Co.*, 164 Wn.2d at 422 (emphasis added). Washington's selective tender rule bars Munich's claim because Fireman's Fund had no legal obligation to defend or indemnify Columbia Fruit Packers or Fielding Hills at the time of settlement on April 7, 2020. *See id.* Munich does not have a right to equitable contribution from Fireman's Fund—therefore, summary judgment is granted.

### 3.

Summary judgment is also granted on Munich's cause of action for equitable indemnification. In Washington, equitable indemnification is mainly recognized as an equitable ground under which attorney's fees may be awarded *Evanston Ins. Co. v. Penhall Co.*, 13 Wash. App. 2d 863, 878, 468 P.3d 651 (2020); *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wash. App. 86, 104, 285 P.3d 70 (2012); *Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 126 Wash. App. 352, 358, 110 P.3d 1145 (2005). Caselaw suggests that, outside the context of attorney's fees, equitable indemnification claims are treated the same as equitable contribution claims. *See Axis Surplus Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, C12-1024 MJP, 2013 WL 12121969, at *2 (W.D. Wash. Mar. 1, 2013). A plaintiff may establish a claim for equitable indemnification where (1) the plaintiff and defendant are parties to an agreement; (2) the defendant committed a wrongful act or omission toward the plaintiff; (3) the act or omission caused plaintiff to be exposed to a third party; and (4) the third party was not connected with the initial transaction or event—*i.e.*, the wrongful act or omission of defendant to plaintiff. *Newport Yacht Basin Ass'n of*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** *10

*Condo. Owners v. Supreme Nw., Inc.*, 168 Wash. App. 86, 104, 285 P.3d 70 (2012); *Tradewell Grp., Inc. v. Mavis*, 71 Wash. App. 120, 126, 857 P.2d 1053 (1993).

Fireman's Fund is entitled to summary judgment on the equitable indemnification claim, because there is no legally cognizable difference between it and Munich's equitable contribution claim. Even if the Court were to find a substantial difference, Munich has not demonstrated the essential elements of an equitable indemnification claim. Munich has not alleged a wrongful act or omission, much less a wrongful act or omission that caused exposure to a third party who was not related to the initial transaction. The Court also observes that Munich has seemingly abandoned this claim on summary judgment, as it did not defend the claim or cite legal authority in its opposition brief. For these reasons, this claim is also dismissed.

Accordingly, **IT IS ORDERED**:

1. Defendant Fireman's Fund Insurance Company's Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

2. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendant and against Plaintiff, and **CLOSE** the file.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 1st day of November 2022.

Stanley A. Bastian
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *11